IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARSHALL L. WALLS, SR.**                                            **PLAINTIFF**

**V.**                            **NO: 4:07CV00934**

**ARKANSAS SECRETARY OF STATE,**
**CHARLIE DANIELS, In his Individual**
**and Official Capacity as ARKANSAS**
**SECRETARY OF STATE**                                **DEFENDANTS**

## ORDER

Pending are Defendants' motions to dismiss. (Docket #'s 4 and 13). For the reasons set forth herein, the motions are granted in part and denied in part.

### Facts

Plaintiff, Marshall L. Walls, Sr., filed suit against Defendants alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, et. seq. ("Title VII") and 42 U.S.C. §1983 ("§1983"). Plaintiff, an African-American male, was employed by the Arkansas Secretary of State in September, 1992 as a maintenance worker. Plaintiff was promoted to the position of Custodian II in 1999. In November 2005, Plaintiff was called into a meeting with Steve Brummett, Director of Buildings and Grounds for the Secretary of State. During this meeting, Plaintiff was accused of saying something inappropriate to a guard at the Wrightsville Unit of the Arkansas Department of Correction. When Plaintiff attempted to tell his side of the story, he was told, "shut-up while I am talking." Plaintiff requested to meet with Secretary of State Charlie Daniels to complain about this conduct. Plaintiff met with Mr. Daniels on or about November 25, 2005. Plaintiff advised Mr. Daniels about the meeting with Mr. Brummett and complained that he felt that he was treated in this manner because of his race. Plaintiff contends that upon

hearing his complaint, Daniels became defensive and angry, denied any discrimination, accused Plaintiff of being a troublemaker and told Plaintiff his behavior would be monitored. On May 10, 2007 the Plaintiff was terminated. Plaintiff filed suit alleging that his termination was based on race discrimination and in retaliation for complaining about discrimination.

## Standard of Review

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

## Discussion

### 42 U.S.C. §1983

The Eleventh Amendment to the Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Supreme Court has held that the Eleventh Amendment extends to preclude suits against a state, state agency, entity or institution from suits by its own citizens as well as citizens of another state or citizens of any foreign state. *Edleman v. Jordan,* 415 U.S. 651 (1974), *Alabama*

*v. Pugh*, 438 U.S. 781 (1978).  Additionally, the Eleventh Amendment prohibits federal court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially for the recovery of money from the state.  *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945).   Moreover, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983" when sued for damages.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's §1983 claims against the Secretary of State are barred by the Eleventh Amendment and his claims against Charlie Daniels, in his official capacity to recover damages, are also barred.

State officials are "persons," however,  under §1983 when sued for prospective injunctive relief and the Eleventh Amendment does not bar such relief.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, the Court finds that Plaintiff's §1983 claims against Charlie Daniels in his official capacity for prospective injunctive relief remain.

Accepting Plaintiff's allegations as true, as the Court must at this stage of the proceedings, the Court cannot state that the Plaintiff has failed to allege facts which would entitle him to relief.  Additionally, the Court cannot adequately address Plaintiff's qualified immunity argument at this stage of the pleadings, accordingly, Defendants' motions to dismiss on these grounds are denied.

Title VII

Title VII prohibits unlawful employment action by employers.  Daniels is not Plaintiffs' employer within the meaning of Title VII and the Eighth Circuit has "squarely held that supervisors may not be held individually liable under Title VII."  *Bonomolo-Hagen v. Clay*

*Central-Everly Community*, 121 F.3d 446 (8th Cir. 1997).  Accordingly,  Plaintiff's Title VII claim against Daniels individually is dismissed.   Plaintiff's Title VII claim against the Secretary of State remains.

Wherefore, Defendants' motions to dismiss are granted as to Plaintiff's §1983 claims against the Secretary of State,  §1983 damages claims against Charlie Daniels in his official capacity, and Plaintiff's Title VII claim against Daniels individually.

IT IS SO ORDERED this 18th day of April,  2008.

_____
James M. Moody
United States District Judge